**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUAN T. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 26-1668 (UNA) |
| ) | |
| DEPARTMENT OF HOUSING AND ) | |
| URBAN DEVELOPMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint.  The application will be granted, and the complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiff, who appears to reside in Morrow, Georgia, *see* Compl. at 1, considers it "shameful and an embarrassment," *id*. at 6, for "unhoused individuals to camp outside the Martin Luther King library," *id*., in the District of Columbia.  He demands "reasonable accommodations to the least housed individuals of this nation[.]"  *Id*. at 4.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'"  *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009).  "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue."  *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted).  A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

1

and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Missing from the complaint are any factual allegations establishing that plaintiff sustained (or is likely to sustain) an injury resulting from any defendant's action or inaction. Because plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction.

Furthermore, because plaintiff does not appear to be an attorney licensed to practice here, he cannot prosecute the claims other individuals in federal court.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); accord *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).  Therefore, he may not represent the unhoused persons mentioned in the complaint, and he fails to demonstrate that he has standing to pursue these claims on his own. *See Lujan*, 504 U.S. at 560.

An Order is issued separately.

DATE: June 3, 2026

/s/
CHRISTOPHER R. COOPER
United States District Judge

2